6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case: 2:22-cr-20452<br>Judge: Berg, Terrence G.<br>MJ: Grey, Jonathan J.C.<br>Filed: 08-31-2022<br>INDI USA VS SEALED MATTER (DP) |
| Plaintiff, | |
| v. | Violation(s): |
| BARRON HILL, | 21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 924(c)<br>18 U.S.C. § 922(g)(1) |
| Defendant. | |

_____/

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

**(21 U.S.C. § 841(a)(1) – Possession with Intent
to Distribute Controlled Substances)**

On or about July 27, 2022, in the Eastern District of Michigan, the defendant, BARRON HILL, knowingly and intentionally possessed with intent to distribute a controlled substance, specifically, a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of cocaine base, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a).

## COUNT TWO

### (18 U.S.C. § 924(c) – Possession of a Firearm in Furtherance of a Drug-Trafficking Crime)

On or about July 27, 2022, in the Eastern District of Michigan, the defendant, BARRON HILL, knowingly possessed firearms, namely: one Beretta .40 cal. handgun and one Taurus 9mm handgun, both in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, as charged in Count One of the Indictment, both in violation of Title 18, United States Code, Section 924(c).

## COUNT THREE

### (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm)

On or about July 27, 2022, in the Eastern District of Michigan, the defendant, BARRON HILL, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed two firearms—one Beretta .40 cal. handgun and one Taurus 9mm handgun—in or affecting interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1).

## FORFEITURE ALLEGATIONS

## (Criminal Forfeiture – 21 U.S.C. § 853; 18 U.S.C. § 924(d); 28 U.S.C. § 2461)

1. The allegations contained in Counts One through Three of this Indictment are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d) together with Title 28, United States Code, Section 2461.

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of the offense alleged in Count Two of this Indictment and/or the offense alleged in Count Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) together with Title 28, United States Code, Section 2461(c), any firearm(s) and ammunition involved in or used in the knowing commission of the offense(s), including, but not limited to, the following:

      a.      One Beretta .40 cal. handgun, SN: BER250074;

      b.      One Taurus 9mm handgun, SN: TDM2088;

      c.      Assorted ammunition.

4.    <u>Substitute Assets</u>: If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL.

Date: **AUG 3 1 2022**

s/ Grand Jury Foreperson
Grand Jury Foreperson

DAWN N. ISON
United States Attorney

*s/Brandy R. McMillion*

Brandy R. McMillion
Chief, General Crimes Unit

*s/Myra F. Din*

Myra F. Din
Assistant U.S. Attorney

5

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]:<br>☐ Yes  ☒ No | Judge Assigned:<br>AUSA's Initials: _MJD_ |

**Case Title:** USA v. Barron Hill

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

✓ Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: _____ ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

August 31, 2022
_____Date_____

_/s/ Myra Din_
Myra F. Din
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9653
Fax:   313-226-2372
E-Mail address: myra.din@usdoj.gov
Attorney Bar #: NY5561345

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.