UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **BARRON HILL**, <br><br> Defendant. | **2:22-CR-20452-TGB-JJCG** <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING DEFENDANT'S THIRD CONSOLIDATED MOTION TO SUPPRESS (ECF NOS. 102, 105, & 107) AND MOTION TO REQUEST PROPERLY FILED DOCUMENTATION (ECF NO. 106)** |

Presently before the Court is Defendant Barron Hill's third consolidated Motion to Suppress. ECF Nos. 102, 105, & 107. Hill waived his Sixth Amendment Right to Counsel and is now representing himself, with the support of standby counsel. ECF No. 103. Although the Court has already issued prior orders denying Hill's first and second motions to suppress, which raised similar arguments to this third motion, *see* ECF Nos. 37 & 83, Hill has made it clear during various hearings and status conferences that he does not believe the Court has addressed his specific grounds as to why he believes the Court should suppress evidence in this case. So the Court allowed Hill to file a final motion to suppress outlining his arguments and promised to address those arguments in detail in writing. This Order is the Court's attempt to do that. Because the

Government has previously articulated its opposition to Hill's motions, the Court did not require a response to be filed to Hill's third motion to suppress.

For the reasons explained below, Hill's motion to suppress will be **DENIED**. The substantive motion cut-off has long ago expired and no such additional motions may be filed without leave of the Court.

## I.   BACKGROUND

The Court adopts its detailed description of the facts in this case in its prior Order denying the first Motion to Suppress. *See* ECF No. 37, PageID.286—90. To briefly set the context, however, this case was initiated based on an anonymous tip, which led detectives from the Dearborn Police Department to begin investigating Hill for drug trafficking. Eventually, a Dearborn detective applied for and received three warrants from the Honorable Mark Somers of the 19th Judicial District Court in Dearborn, Michigan. The warrants authorized (1) placement of a GPS tracker on a Dodge Caravan owned by Hill, (2) a search of Hill's residence, and (3) a search of Hill's financial records and a safe-deposit box held at Fifth Third Bank.

During the search of the residence pursuant to the warrant, officers found and seized two handguns, ammunition, a container of sandwich bags, a digital scale, crack cocaine, and a satchel containing drugs and suspected cash proceeds from drug sales. In the safe-deposit box, they found and seized an additional $9,000 in suspected drug-sale proceeds. A

federal indictment was returned charging Hill with possession of controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A), and being a previously convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1). ECF No. 48.

Hill's first motion to suppress was filed on February 27, 2023, challenging the three search warrants obtained during his investigation for lack of probable cause. ECF Nos. 22 & 27. In a 26-page written Order, the Court denied the motion, finding that the house and GPS search warrants were based on probable cause, and that reliance on the defective safe-box search warrant was in good faith. ECF No. 37, PageID.297–309.

Hill then filed a second motion to suppress on September 6, 2024, challenging the state-issued search warrants as being inauthentic because he maintained they were not filed in the Register of Action of the 19th District Court in Dearborn, Michigan (Case No. 22S7076FY). ECF No. 72; *Register of Actions*, ECF No. 77-1, PageID.651–53. The Government responded by providing this Court with a copy of the three signed and dated search warrants. *House Search Warrant*, ECF No. 75-2, PageID.620–37; *GPS Tracker Warrant*, ECF No. 75-3, PageID.638–45; *Safe Deposit Box Warrant*, ECF No. 80-1, PageID.658–666. The 19th District Court clerk told the defense investigator there was "no specific legal requirement mandating that a returned search warrant be recorded

3

in the judge's official records." *Affidavit of Legal Investigator*, ECF No. 72-4, PageID.604. And Detective Stephen Dluzynski, who applied for and received approval for the warrants, testified in an evidentiary hearing before the Court on December 11, 2024 that after he swore to the affidavits, Judge Somers kept the record of the search warrants in his filing cabinets in his chambers. *Transcript of Motion to Suppress Hearing*, ECF No. 83, PageID.694—95. Based on the signed warrants and the detective's testimony, the Court found sufficient evidence to conclude that the warrants were validly issued by Judge Somers and satisfied the Fourth Amendment. *Id.* at PageID.702—04.

In his latest and third motion to suppress, filed *pro se* on May 20, 2025, Hill repeats the same argument, namely, that the *failure to record* the signed warrants in the Register of Action from the 19th District Court of Dearborn, which he alleges is required by law, violates his due process rights under the Fourth Amendment, rendering the warrants invalid and the searches unlawful. ECF Nos. 102, 105, & 107.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), a defendant may file a pretrial motion asserting a violation of a "constitutional or statutory right justifying suppression" of any unlawfully obtained evidence. *See United States v. Feldman*, 606 F.2d 673, 679 n.11 (6th Cir. 1979). "[A]bsent constitutional violation," evidence is not subject to suppression "unless the exclusion furthers the purpose

4

of the exclusionary rule," designed to "deter police misconduct rather than to punish the errors of judges and magistrates." *United States v. Chaar*, 137 F.3d 359, 361 (6th Cir. 1998) (citing to *United States v. Leon*, 468 U.S. 897, 916 (1984)). "The defendant has the burdens of both production and persuasion in seeking suppression of evidence, and more than mere conjecture is required to meet this burden." *Id.* at 363.

## III.  DISCUSSION

Defendant argues that constitutional law, Michigan law, and federal law require that a warrant be properly recorded, and that failure to do so warrants suppression of the evidence in this case. The reason this argument is wrong is because the Fourth Amendment itself does not require that a warrant be recorded after its execution, other federal law requirements do not apply to a state-issued warrant executed by state officers, and state law requirements are irrelevant in determining what evidence is admissible in federal criminal proceedings.

### A. Constitutional Requirements

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Federal constitutional law applies to state warrants challenged in federal court. *United States v. Helton*, 35 F.4th 511, 517 (6th Cir. 2022); *see also Elkins v. United States*, 364 U.S. 206, 213 (1960) ("[T]he Federal Constitution, by virtue of the Fourteenth

Amendment, prohibits unreasonable searches and seizures by state officers.").

Defendant argues that, under the Fourth Amendment, "all warrants must be . . . executed with proper procedural safeguards." ECF No. 105, PageID.768. While Defendant may be correct that as a general rule "proper procedural safeguards" should be followed during the execution of search warrants, there is no procedural safeguard in the Constitution that requires a validly issued warrant to be filed or recorded in the court's files in a particular manner. The Fourth Amendment only requires "three things" with regards to warrants, namely that warrants (1) must describe with particularity what officers may search and seize, and (2) must be issued by a neutral, disinterested judge (3) upon probable cause supported by oath or affirmation. *United States v. Whiteside*, --- F.4th ---, 2025 WL 1431109, at *8 (6th Cir. May 19, 2025).

*Nothing more* is required under the Fourth Amendment, not even that a warrant be *signed* by the judge or that the warrant be *served* on the defendant before the search, as long as there is "clear and contemporaneous evidence" that a judge made the proper probable cause determination and approved the warrant's issue. *United States v. Whiteside*, --- F.4th ---, 2025 WL 1431109, at *8 (6th Cir. May 19, 2025) (holding that "the Fourth Amendment's text does not require a signature for a warrant to be issued"); *see also Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996) ("The Fourth Amendment does not necessarily require

that government agents serve a warrant . . . prior to initiating a search or seizing property.").

Defendant argues that "[t]he failure to record the warrants invalidates the legal foundation for the search." ECF No. 105, PageID.770. But this argument is incorrect because the "legal foundation" necessary to make a search valid under the Fourth Amendment is satisfied when those three requirements are met: the things to be seized and the place to be searched are described with particularity, the facts demonstrate probable cause that evidence of a crime or its instrumentalities are likely to be found, and the warrant is approved by a neutral magistrate. What happens *after* a constitutional search based on a valid warrant—as the Court has already found in this case—is not in the province of the Fourth Amendment.[1]

Defendant further argues the absence of a record in the Register of Actions denies him the ability to challenge the validity of the search warrants. This is also incorrect. Defendant is quite capable of challenging

---

[1] *See United States v. Dudek*, 530 F.2d 684, 691 (6th Cir. 1976) (holding that failures to make a prompt return and a proper inventory under state and federal law "have no relation at all to the command of the Fourth Amendment which bars unreasonable searches and seizures" because these requirements "c[o]me into play after the search and seizure [is] completed"); *Rose v. United States*, 274 F. 245, 250–51 (6th Cir. 1921) ("The failure of the officer to whom a search warrant is directed to make a return thereof cannot invalidate the search or seizure made by authority of such warrant. . . The making of the return is merely a ministerial act, to be performed after the warrant is executed.").

the validity of the search warrants because (1) there a *physical* record of the signed search warrants, which were produced by the Government and presented in Court; and (2) Defendant has already forcefully challenged the authenticity of the warrants during  an evidentiary hearing held precisely for that purpose. *See Transcript of Motion to Suppress Hearing*, ECF No. 83. At that hearing, Detective Dluzynski testified that he saw Judge Somers sign the warrants and file them in his file cabinet. *Transcript of Motion to Suppress Hearing*, ECF No. 83, PageID.694—95.

Hill now complains that an "officer getting on the stand and stating he knows the judge['s] signature and s[aw him] sign[ ] the warrants [with] no stenographer, transcriptionist or audio recording [in] the judge chambers one on one does not comply with . . . Fourth Amendment standards." ECF No. 105, PageID.770. Hill cites to Federal Rule of Criminal Procedure 41(d)(2)(C), which provides that "[t]estimony taken in support of a warrant must be recorded . . . and the judge must file the transcript with the clerk." But as further explained below, this rule does not apply to a state-issued warrant, and even if it did, the absence of a recording or transcript memorializing the judge's swearing and signing of the warrant does not necessarily make a warrant invalid. Hill bears the burden, as the party seeking to suppress the evidence, of proving by a *preponderance of evidence* that the judge "did not authorize the issuance" of the signed warrants. *United States v. Johnson*, No. 07-20141, 2008 WL 53775, at *3 (E.D. Mich. Jan. 3, 2008)(Steeh, J). Merely pointing

8

out the lack of a transcript or tape-recording, balanced against the officer's sworn testimony that the warrant was properly sworn-to, signed and filed, does not carry that burden.

In Defendant's view, he meets this burden by arguing that the lack of a record of the warrants on his Register of Action creates "considerable doubt as to whether there ever was any warrant for the search." ECF No. 72 (citing to *Mapp v. Ohio*, 367 U.S. 643, 645 (1961)). But the facts in the *Mapp* case were different from those before the Court. In that case, "no search warrant was produced by the prosecution, nor was the failure to produce one explained or accounted for." 367 U.S. at 645. Here, much to the contrary, the Government has produced the signed warrants upon which the searches occurred. The absence of a record of the search warrants does not prove by a preponderance of the evidence that no judge authorized the warrant, especially where there is strong evidence that the warrants were signed by Judge Somers.

Thus, because the Fourth Amendment does not require that a validly issued warrant be recorded after its execution, and Hill did not meet his burden of showing by a preponderance of the evidence that the signed warrants were not issued by Judge Somers, there is no basis for suppressing the evidence.

While Hill's Motion to Suppress can be denied simply on the basis that the lack of recording of the search warrants in his Register of Actions

does not violate the Fourth Amendment, for the sake of completeness, the Court will address Hill's arguments under federal law and state law.

### B. Federal Law Requirements

Defendant also argues federal law—if not *constitutional* law—requires that search warrants be recorded after their execution. Defendant explicitly mentions the following Federal Rules of Criminal Procedure:

> Rule 55. *Records*. The clerk of the district court must keep records of criminal proceedings in the form prescribed by the Director of the Administrative Office of the United States Courts. The clerk must enter in the records every court order or judgment and the date of entry.
>
> Rule 41(d)(2)(C) *Recording Testimony*. Testimony taken in support of a warrant must be recorded by a court reporter or by a suitable recording device, and the judge must file the transcript or recording with the clerk, along with any affidavit.
>
> Rule 49.1(b) *Privacy Protection for Filings Made with the Court*. The redaction requirement does not apply to the following: (3) the official record of a state-court proceeding; (8) an arrest or search warrant; and (9) a charging document and an affidavit filed in support of any charging document.

The problem with Defendant's reliance on the Federal Rules of Criminal Procedure is that these federal rules (unlike the provisions of the Constitution) do not govern the procedures to be followed for a *state-issued* warrant executed by *state officers*. In fact, state officials conducting a search need only conform to *state* requirements and federal

*constitutional* requirements, not federal statutory requirements, even when the case is subsequently turned over to federal officials. *United States v. Waldrop*, 1990 WL 17874, at \*2 (6th Cir. 1990) (noting that Rule 41 of the Federal Rules of Criminal Procedure did not apply to a state-issued warrant).

In other words, even if the state officers did something that violated the Federal Rules of Criminal Procedure, it would not matter because those rules do not apply to the search warrants at issue and the officers executing the warrant did not need to follow federal rules. *See, e.g.*, *United States v. Rivers*, 2024 WL 4472279, at \*5 (S.D. Ga. Aug. 1, 2024), *report and recommendation adopted*, 2024 WL 4057560 (S.D. Ga. Sept. 5, 2024) (rejecting defendant's argument that the officer's apparent failure to return the executed warrant to the clerk justified suppression because Rule 41 does not apply to a state-issued warrant).

Furthermore, even if the federal rules had applied to the state-issued search warrants, federal courts have held that, while the post-search federal procedural requirements are "important," "irregularities in these procedures do not void an otherwise valid search" absent a "showing of prejudice." *Frisby,* 79 F.3d at 32; *see also United States v. Crumpton*, 824 F.3d 593, 617 (6th Cir. 2016) (concluding that failure to leave a copy of the warrant, in violation of Rule 41, did not void the search because "Rule 41 provides a statutory rule that is not required by the Fourth Amendment"). Furthermore, "[t]he deterrent purpose [of the

11

exclusionary rule] . . . necessarily assumes that the *police*—not judges and magistrates—have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right," *Leon*, 468 U.S. at 919, rather than doing something that deprived the defendant of the application of a "ministerial" rule not implicating "substantial enough rights to justify suppression," *United States v. Searp*, 586 F.2d 1117, 1124 (6th Cir. 1978).

While Defendant argues the lack of recording by the clerk or the judge prejudiced him in that it deprived him of his due process under the Fourth and Fourteenth Amendment, the prejudice that matters for purposes of the exclusionary rule is whether the search would have taken place differently. Here, had the warrants been recorded the wayHill claims they should have been, the search would have still taken place in the same way, that is in a manner this Court already deemed appropriate. Therefore, even if federal rules applied to the state-issued warrants, Hill can show no prejudice from the alleged violation of federal post-search rules.

## C. State Law Requirements

Defendant also argues Michigan law "demands strict compliance with warrant procedures to protect Constitutional and Due Process rights" and "requires that all judicial orders, including warrants, be properly documented and recorded." ECF No. 105, PageID.768. But to support that argument, Defendant only cites to Article I, Section 2 of the

Michigan Constitution ("No person shall be denied the equal protection of the laws[.]") and MCR 2.003, which pertains to the "Disqualification of Judge[s]" rather than alleged search warrant recording requirements.[2] According to the Defendant's own Investigator's Affidavit, the 19th District Court clerk stated that there was "no specific legal requirement mandating that a returned search warrant be recorded in the judge's official records." *Affidavit of Legal Investigator*, ECF No. 72-4, PageID.604. The Court could not find such a requirement either.

But even if such a rule existed, failing to properly record the warrant in the court's records would not warrant suppression of the evidence in this case.

First, the Michigan Supreme Court has held that "the drastic remedy of exclusion of evidence does not necessarily apply to a statutory violation." *People v. Hawkins*, 468 Mich. 488, 500 (2003); *see also People v. Garvin*, 235 Mich. App. 90, 99 (Mich. Ct. App. 1999) (holding that the procedural irregularity of attaching a copy of the affidavit to the copy of

---

[2] Defendant's former counsel cited to MCL 780.651(9) in the Second Motion to Suppress, ECF No. 72, but that provision indicates that "[o]n the fifty-sixth day following the issuance of a search warrant, the search warrant affidavit contained in any court file or court record retention system is public information[.]" That a search warrant affidavit becomes "public information" does not mean it must be recorded on the Register of Actions. It simply indicates the previously sealed affidavit will not be shielded from public requests after 56 days.

the warrant left to the defendant did not require suppression of the evidence seized).

Second, and most importantly, the existence of such a state requirement is irrelevant because this motion is to suppress evidence in *federal criminal proceedings*. Defendant conceded that point in his Motion:

> "The fact that the arrest, search or seizure may have violated state law is irrelevant as long as the standards developed under the federal constitution were not offended. This is so because the exclusionary rule is only concerned with deterring constitutional violations."

ECF No. 105, PageID.769. Indeed, while police officers must comply with state law and federal constitutional law when *executing* the warrant, the question of the *validity* of such a state issued warrant in a federal criminal proceeding is governed by federal constitutional law, "to the exclusion of state law." *United States v. Beals*, 698 F.3d 248, 263—64 (6th Cir. 2012); *see also United States v. Wright*, 16 F.3d 1429, 1434 (6th Cir. 1994) ("[I]n federal court, [the exclusionary rule] only requires the court to exclude evidence seized in violation of the Federal Constitution."). That is because "it is not the province of the Fourth Amendment to enforce state law." *Virginia v. Moore*, 553 U.S. 164, 178 (2008); *see also Wright*, 16 F.3d at 1437 (noting that this rule "promotes uniformity in federal prosecutions"). Thus, "[w]hile the states are free to impose rules for searches and seizures that are more restrictive than the Fourth

14

Amendment, those rules will not be enforced in a federal criminal proceeding." *Beals*, 698 F.3d at 263. "So long as the Fourth Amendment is satisfied, there is no basis for suppression." *Id.* at 264.

Thus, because the search warrants in this case satisfy the Fourth Amendment, Defendant's argument that a state law was violated by failing to record the warrant provides no basis to suppress the evidence. *See, e.g.*, *Johnson*, 2008 WL 53775, at \*2 (finding "no basis to suppress" evidence, absent proof of a Fourth Amendment violation, based on violation of a different provision of the same Michigan statute); *Dudek*, 530 F.2d at 690 (holding that "nonconstitutional, nonprejudicial and inadvertent failures to follow the post-search and seizure requirements of [a State's] rule . . . do not require application of the federal exclusionary rule"); *Rivers*, 2024 WL 4472279, at \*5–6 (denying motion to suppress based on alleged violation of Georgia statute because defendant did not articulate any reason why the exclusionary rule should apply given that nothing in the records indicates any deliberate, reckless, or grossly negligent disregard for his Fourth Amendment rights by the officer who sought and obtained a warrant, executed it, and returned the executed warrant to the issuing judge but failed to return it to the Clerk).

To conclude, Hill's Motion to Suppress must be **DENIED** because the Fourth Amendment does not require that a warrant be recorded after its execution, other federal law requirements do not apply to a state-issued warrant executed by state officers, and state law requirements are

15

irrelevant in determining what evidence is admissible in federal criminal proceedings.

Furthermore, while Hill argues there should be consequences for *proven* violations of *existing* state law, possible remedies for such violation, short of suppression of the evidence, might include a judicial writ to compel performance of the neglected acts or civil damages if the person is injured by the neglected acts. *Dudek*, 530 F.2d at 688. Construing Defendant's pending Motion to Request Properly filed Documentation (ECF No. 106) as a request for the Court to compel the 19th District Court to record the existence of the search warrants in Hill's Register of Actions, the request is improper. Defendant has not shown that there was, in fact, a state law requirement to record the warrants on the Register of Actions after its execution. Thus, the evidence before the Court does not demonstrate that there was a violation. Moreover, as discussed, Defendant already has access to the signed search warrants. Whether the warrants were recorded or not makes no difference as to the question of suppressing the evidence. Defendant has shown no constitutional violation in the challenged warrants. Therefore, Hill's request to properly file documentation is **DENIED**.

The Court is well aware that Hill holds the belief that the warrants were not properly recorded in the state court file, and that this failure should make the warrants invalid. He has made this argument repeatedly—orally on the record and in writing through his pleadings.

16

The Court has done its best to explain to him why his strongly-held belief is not what the law says. If this Court is wrong, and Hill is convicted after a trial, he can appeal this Court's decision to the Court of Appeals, which will correct any legal error this Court has made. But in this Court, this question is closed.

### IV.   CONCLUSION

For the reasons explained above, Defendant's third consolidated Motion to Suppress (ECF Nos. 102, 105, & 107) is hereby **DENIED**. Hill's motion to request properly filed documentation (ECF No. 106) is also **DENIED**. No additional motions may be filed without leave of the Court given that the substantive motion cut-off has expired. Any motions filed without leave of Court will be stricken.

**SO ORDERED**.

Dated: June 20, 2025                     /s/Terrence G. Berg
                                         TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE