UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **BARRON HILL,** Defendant. | 2:22-CR-20452-TGB-JJCG  HON. TERRENCE G. BERG  **ORDER DENYING DEFENDANT'S MOTION OF AWARENESS TO THE COURT (ECF NO. 118)** |

For some time now, Defendant Barron Hill, who is currently representing himself with the assistance of stand-by counsel after having been unable to work with seven previous attorneys, has been trying to articulate a constitutional challenge to his prosecution based on his understanding that the state search warrants that led to his arrest are not recorded in the Register of Actions in the 19th District Court in Dearborn, Michigan, allegedly in violation of various state laws. The Court held an evidentiary hearing on the issue and spent considerable time on the record and in writing explaining why the alleged failure to return or record the executed warrant did not justify suppression of the evidence under the Fourth Amendment. *See* ECF Nos. 83, 109 & 117.[1]

---

[1] The Government produced the three signed warrants before the hearing. House Search Warrant, ECF No. 75- 2, PageID.620–37; GPS Tracker Warrant, ECF No. 75-3, PageID.638–45; Safe Deposit Box Warrant, ECF No. 80-1, PageID.658–666. During the hearing, Detective Stephen Dluzynski testified he swore to the affidavits and saw Judge

In a recent pre-trial conference on October 20, 2025, and in a motion titled "Motion of Awareness to the Court" (ECF No. 118), Hill stated that he understood that the Fourth Amendment was not violated, but for the first time raised the issue that the failure to file the search warrant return violated the Fifth Amendment's Due Process Clause. Notwithstanding the untimeliness of such a request, as the time for substantive pre-trial motions in this case has long expired, the Court is cognizant of the fact that this issue is crucially important to Hill, and will therefore address it and explain why this argument would also fail on the merits.[2] For the reasons discussed below, therefore, Hill's "Motion for Awareness to the Court" will be **DENIED**.

The Fifth Amendment, applicable to state action under the Fourteenth Amendment, provides that "no person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const., amends. V, XIV. The procedural steps that must be taken to ensure that due process is afforded before someone is deprived of an interest involving life, liberty, or property vary depending on the situation, but typically include notice and an opportunity to be heard, an unbiased

---

Somers sign the warrants and file them in his file cabinet. Hearing Tr., ECF No. 83, PageID.694–95. Based on the signed warrants and the detective's testimony, the Court found sufficient evidence to conclude that the warrants were validly issued by Judge Somers and satisfied the Fourth Amendment. *Id.* at PageID.702–04.

[2] The Court is not deciding whether Hill waived the argument for appellate purposes.

decision-maker, a right to present evidence, a right to cross-examine opposing witnesses, and an opportunity to be represented by counsel, among other protections. "The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection . . ., and (2) a deprivation of that interest (3) without adequate process." *Fields v. Henry Cnty., Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012).

Based on his statements in Court and in his "Motion for Awareness," the Court understands Hill to be arguing that he was deprived of his right to due process because the officers allegedly violated various state laws when they did not file or record certain documents in his Register of Actions (such as the three executed warrants, affidavit, and return) after executing the valid search.

But even if it were true that the documents were never filed, such a failure does not amount to a deprivation of due process because "[v]iolation of a state statute regulating procedure in criminal cases does not rise per se to a due process violation." *See Dewberry v. Warden, Lebanon Corr. Inst.*, No. 3:21-CV-158, 2022 WL 168687, at *3 (S.D. Ohio Jan. 19, 2022), *report and recommendation adopted sub nom. Dewberry v. Warden, London Corr. Inst.*, No. 3:21-CV-158, 2022 WL 848245 (S.D. Ohio Mar. 22, 2022) ("[T]he Due Process Clause does not constitutionalize every state criminal procedure statute."); *Roberts v. City of Troy*, 773 F.2d 720, 726 (6th Cir. 1985) ("The mere failure to comply with a state regulation is not a constitutional violation."); *Toney v. Bobby*, No. 4:22-

3

CV-683, 2024 WL 3488017, at *4 (N.D. Ohio July 19, 2024) ("[A state rule of criminal procedure] violation does not necessarily translate into a due process violation.").

Here, Hill's due process argument rests entirely on (alleged) violations of state law as proof that his federal constitutional due process rights were violated. Hill's argument "appears to be conflating a criminal defendant's rights under [a state criminal rule of procedure] with the protections afforded by the Due Process Clause." *Toney v. Bobby*, 2024 WL 3488017, at *4; *see also Dewberry*, 2022 WL 168687, at *3 (rejecting due process claim even where defendant identified a "minor deviation" from a state criminal procedure adopted to improve reliability of evidence because he "offer[ed] no citation of authority for [the] proposition" that there is a "duty to follow all procedures which concern one's freedom of liberty").

Precedent is clear that "[a] State simply has no 'federal due process obligation to follow all of its procedures." *Trusty v. Centurion Health Servs.*, No. 19-5872, 2020 WL 548225, at *3 (6th Cir. Jan. 7, 2020) (citing *Levine v. Torvik*, 986 F.2d at 1515). Rather, a "[s]tate-law error establishes a federal constitutional claim only where the error 'is so fundamentally unfair that it rises to the level of a due-process violation.'" *Henry v. Burgess*, No. 22-CV-11159, 2025 WL 2775948, at *6 (E.D. Mich. Sept. 29, 2025) (citing *Collier v. Lafler*, 419 F. App'x 555, 558 (6th Cir. 2011)); *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993) ("[T]he

4

constitutional issue is whether the state court's application of its constitutionally adequate standard was so erroneous as to raise an independent due process violation.").

Thus, Hill would need to demonstrate not only violation of a state law rule, but also that the state law violation was "so fundamentally unfair" or "so erroneous" that it rose to the level of a due process violation under the Fifth Amendment. *See id*. Hill failed to demonstrate both.

First, Hill has not shown that state law required an executed warrant be returned and recorded in the Register of Actions for a particular case. The 19th District Court clerk told the defense investigator there was "no specific legal requirement mandating that a returned search warrant be recorded in the judge's official records." Affidavit of Legal Investigator, ECF No. 72-4, PageID.604. And neither did the statutes previously mentioned by Hill or his counsel contain such a requirement. *See* ECF No. Nos. 109 & 117.[3]

At the October 20, 2025 pre-trial conference and in a filing titled "Motion of Awareness to the Court" (ECF No. 118), Hill insisted that MCL § 780.653 required that an executed warrant be returned and recorded. However, that statute sets forth the requirement that a magistrate judge find probable cause based on a reliable affidavit. It does

---

[3] The Court considered Article I, Sections 2 and 11 of the Michigan Constitution, MCR 2.003, and MCL 780.651 (including the 56-day rule), Fed. R. Crim. P. 41(d)(2)(C), Fed. R. Crim. P. 55, and Fed. R. Crim. P. 49.1(b).

5

*not* discuss any return or recording requirement for an executed warrant. The statute reads as follows:

> **MCL 780.653**. **Judge or district court magistrate's finding of reasonable or probable cause; basis of finding; basis and contents of affidavit.**
>
> Sec. 3.
>
> The judge or district court magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her. The affidavit may be based upon information supplied to the complainant by a named or unnamed person if the affidavit contains 1 of the following:
>
> (a) If the person is named, affirmative allegations from which the judge or district court magistrate may conclude that the person spoke with personal knowledge of the information.
>
> (b) If the person is unnamed, affirmative allegations from which the judge or district magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable.
>
> **History:** 1966, Act 189, Eff. Mar. 10, 1967 ;-- Am. 1988, Act 80, Eff. June 1, 1988 ;-- Am. 2014, Act 383, Imd. Eff. Dec. 18, 2014

The Court previously found, and Hill conceded during the conference, that his warrants were validly issued by a neutral magistrate upon probable cause. Therefore, this statute does not support Hill's due process argument either.

Nonetheless, to the extent Hill's argument evolved from complaining about the alleged failure to file his search warrants in the Register of Actions to the alleged failure to file the search warrants *returns* with the court, it appears a different section, MCL § 780.655, not

cited by Hill, may provide more support to his argument. This statute provides as follows:

> **780.655 Property seized upon search; tabulation; filing; suppression order; custody; restoration to owner; disposition of other property.**
>
> Sec. 5.
>
> (1) **When an officer in the execution of a search warrant finds any property or seizes any of the other things for which a search warrant is allowed by this act, the officer, in the presence of the person from whose possession or premises the property or thing was taken, if present, or in the presence of at least 1 other person, shall make a complete and accurate tabulation of the property and things that were seized**. The officer taking property or other things under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and shall give to the person a copy of the tabulation upon completion, or shall leave a copy of the warrant and tabulation at the place from which the property or thing was taken. The officer is not required to give a copy of the affidavit to that person or to leave a copy of the affidavit at the place from which the property or thing was taken.
>
> (2) **The officer shall file the tabulation promptly with the judge or district court magistrate.** The tabulation may be suppressed by order of the judge or district court magistrate until the final disposition of the case unless otherwise ordered. The property and things that were seized shall be safely kept by the officer so long as necessary for the purpose of being produced or used as evidence in any trial.
>
> (3) As soon as practicable, stolen or embezzled property shall be restored to the owner of the property. Other things seized under the warrant shall be disposed of under direction of the judge or district court magistrate, except that money and other useful property shall be turned over to the state, county or municipality, the officers of which seized the property under the warrant. Money turned over to the state, county, or municipality shall be credited to the general fund of the state, county, or municipality.
>
> **History:** 1966, Act 189, Eff. Mar. 10, 1967 ;-- Am. 2002, Act 112, Eff. Apr. 22, 2002 ;-- Am. 2014, Act 383, Imd. Eff. Dec. 18, 2014

MCL § 780.655 (emphasis added). This statute does require state law enforcement officers to file the "tabulation" with the court and leave a copy with the person searched—and Hill claims these steps were not taken here.[4]

But even assuming for the sake of argument that Hill is correct, and the search warrant returns were never filed with the court, there is a second problem for Hill to overcome. In order to make out a claim for violating his Due Process rights under the Fifth Amendment, Hill would need authority showing that the *post*-search failure to return an executed warrant or record it in an individual's Register of Actions is "so fundamentally unfair" that it can be considered a Due Process violation. *See Henry v. Burgess*, 2025 WL 2775948, at *6. But the authority is to the contrary. Michigan courts have repeatedly held that because the requirements of MCL § 780.655 "are ministerial in nature, and do not in any way lead to the acquisition of evidence," courts are not justified in excluding evidence "as a remedy for the statutory violation of . . . . the post seizure, administrative requirements of" MCL § 780.655. *People v. Flores*, 2001 Mich. App. LEXIS 2028, *7-8 (2001) (citations omitted); *see also People v. Parks*, 2021 Mich. App. LEXIS 1090, *7-8 (2021) ("Assuming, as here, that a valid warrant has been obtained, the decision

---

[4] Because this is a new argument, no testimony was presented on this question during the evidentiary hearing held by the Court. The Court heard testimony about the *issuance* of the warrants, not about the *return* of the warrants.

8

to present or not present the warrant bears little on the validity of the search. . . . Thus, . . . failure to present the warrant did not affect the validity of the ensuing search[.]") (citing MCL § 780.655(1)).

Similarly, even though post-search procedural requirements are "important," "irregularities in these procedures do not void an otherwise valid search" absent a "showing of prejudice." *Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996) (discussing Fed. R. Crim. P. 41(d)'s property receipt requirement); *see also Graham v. Mukasey*, 519 F.3d 546, 549 (6th Cir. 2008) ("[I]n order to prevail on a procedural due process challenge, [petitioner] must also show prejudice."). Prejudice requires a showing "that the due process violations led to a substantially different outcome from that which would have occurred in the absence of those violations." *Graham v. Mukasey*, 519 F.3d at 549–50; *see also Scott v. Elo*, 2001 U.S. Dist. LEXIS 3026, *22-23 (E.D. Mich. Mar. 8, 2021) (noting that "[m]ere speculation" of prejudice is insufficient to support "a finding of a constitutional violation").

Here, assuming that the officers failed to comply with state law by not filing a search warrant return and having that return recorded in the Register of Actions, it is unclear how the outcome would have been substantially different if the filing procedure had been correctly followed. Either way, there was a warrant issued based on sufficient probable cause, and the evidence seized pursuant to the warrant is admissible. No prejudice accrued to Hill simply because the return was not filed. *See*

9

*United States v. Dudek*, 530 F.2d 684, 690 (6th Cir. 1976) ("[N]onconstitutional, nonprejudicial and inadvertent failures to follow the post-search and seizure requirements of [a State's] rule . . . do not require application of the federal exclusionary rule."); *People v. Flores*, 2001 Mich. App. LEXIS 2028, *7-8 (noting that MCL § 780.655's requirements "do not in any way lead to the acquisition of evidence"); *People v. Parks*, 2021 Mich. App. LEXIS 1090, *7-8 ("[T]he decision to present or not present the warrant bears little on the validity of the search.").

Of course, Hill has yet to be tried on the charged offenses, is presumed innocent, and the verdict cannot be foretold. But he has not suggested how the outcome of his criminal case would be substantially different had the warrants been returned after execution. And any argument that the search would not have occurred had the warrants been returned and recorded fails. Had the warrants been recorded the way Hill claims they should have been, the search would have still taken place in the same way, that is in a manner this Court already deemed appropriate. Finally, Hill had previously argued that the lack of recording of his warrants in his individual Register of Actions denied him the ability to challenge the validity of the search warrants. ECF No. 105, PageID.770. But Hill does not dispute the validity of the warrants anymore, and the Court already explained that:

10

> Defendant is quite capable of challenging the validity of the search warrants because (1) there [is] a physical record of the signed search warrants, which were produced by the Government and presented in Court; and (2) Defendant has already forcefully challenged the authenticity of the warrants during an evidentiary hearing held precisely for that purpose. . . . At that hearing, Detective Dluzynski testified that he saw Judge Somers sign the warrants and file them in his file cabinet.

ECF No. 109, PageID.796. Thus, Hill has not demonstrated any type of prejudice that could render the alleged state law violation "so erroneous" to rise to the level of a due process violation.

The Court has endeavored to give Hill the benefit of the doubt by considering his pro se arguments in the most favorable light, but there is no authority that supports his contention that a failure to file a search warrant return, even if required by state law, would violate his Fifth Amendment right not to be deprived of life, liberty, or property without due process. Indeed, from the Court's review, it is clear that Hill has received due process.[5] Therefore, to the extent that Hill's "Motion for Awareness to the Court" is seeking relief, as he argued during the Pre-Trial Conference on October 20, 2025, based on the theory that the failure to file a search warrant return and have it recorded in the Register of

---

[5] The Court will not entertain any additional motions or arguments from Hill regarding whether the search in this case, or the officers' compliance with state law requirements, violated Hill's rights. Any additional pleadings raising these general issues will be stricken. If convicted, Hill will have a full opportunity to raise any perceived errors this Court has made before the court of appeals.

Actions amounts to a violation of his Fifth Amendment Due Process Rights, that motion is hereby **DENIED**.

    **SO ORDERED.**

Dated: November 3, 2025          /s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE